FILED

OCT 2 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MIRIAM LICET HERNANDEZ-ORELLANA, a.k.a. Ana Daniela Hernandez-Orellana, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-71671 <br><br> Agency No. A200-208-333 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Miriam Licet Hernandez-Orellana, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (per curiam). We deny the petition for review.

Substantial evidence supports the BIA's finding that Hernandez-Orellana failed to meet her burden of showing that she suffered past persecution or feared future persecution on account of her membership in a particular social group. *See id.* at 1097 (even if an asserted social group is cognizable, petitioner must show persecution on account of membership in that group); *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("to demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts"). In light of this conclusion, we need not address Hernandez-Orellana's other challenges to the BIA's denial of asylum. Thus, Hernandez-Orellana's asylum claim fails.

Because Hernandez-Orellana has not established eligibility for asylum, she necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Hernandez-Orellana does not raise any arguments regarding the denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**

12-71671